Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6613 | **DATE** | 11/12/2003 |
| **CASE TITLE** | MIRWAIS ALI vs. TOM RIDGE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Ali's petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241 is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 14 2003 date docketed | 9 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 NOV 13 PM 2:20 | date mailed notice | |
| TBK | courtroom deputy's initials | FILED FOR DOCKETING L-03 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NOV 1 4 2003

MIRWAIS ALI,           )
                       )
        Petitioner,    )
                       )
v.                     )   No. 03 C 6613
                       )   Paul E. Plunkett, Senior Judge
TOM RIDGE,             )
                       )
        Respondent.    )

# MEMORANDUM OPINION AND ORDER

Before this Court are Ali's "petition for a writ of habeas corpus" and "motion to release petitioner from custody". We treat these filings together as one petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, we dismiss the petition for lack of jurisdiction.

## Background[1]

Mirwais Ali was born in Afghanistan in 1979. He came to the United States when he was three years old and became a lawful permanent resident. As a young adult, Ali has been in trouble with the law.[2] As a consequence of his criminal convictions, the Immigration and Naturalization

---

[1] This information is taken from Ali's petition.

[2] In 1997 he was convicted of receiving stolen property, in 1998 he was convicted of possession with the intent to distribute tetra-cannibanol, or THC, and in 2000 he was convicted again of receiving stolen property. The convictions all took place in Dane County, Wisconsin. (Gov't. Ex. 1.) His drug conviction is considered an aggravated felony.

-1-



Service[3] (INS) initiated removal proceedings against Ali pursuant to various provisions of section 237 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1227.[4] The immigration judge who heard Ali's case order him removed to Afghanistan. In a footnote to his written decision, the immigration judge stated that, outside of the court's jurisdiction, other remedies were available to Ali to avoid removal to Afghanistan. One of these remedies was a request to the Dane County, Wisconsin court to "vacate or modify his drug-related conviction to a lesser charge which, if granted, would permit [Ali] to reopen [his] case to apply for Cancellation of Removal."[5] Appellant's Brief at App. A 10, *Ali, Petitioner-Appellant v. Ashcroft, Respondent-Appellee* (7th Cir.) (No. 02-3761). The Board of Immigration Appeals (BIA) affirmed the immigration judge's opinion on September 27, 2002. This rendered Ali's removal order final. 8 U.S.C. § 1101(a)(47).

On March 12, 2003, a Dane County, Wisconsin judge entered an order amending Ali's 1998 drug conviction to that of misdemeanor possession. Based on his reduced conviction, Ali then filed a motion to reopen his case with the BIA. Ali believes that because his drug conviction was reduced to a misdemeanor, he is not longer an aggravated felon and therefore certain provisions of the immigration laws which previously precluded his obtaining relief from removal no longer apply. The BIA denied Ali's motion because it was untimely and because Ali failed to include an application for cancellation of removal. Ali filed a motion to reconsider on June 12, 2003,

---

[3] In March 2003 the Immigration and Naturalization Service became part of the Department of Homeland Security and its functions were divided into various bureaus in that department.

[4] Specifically, 8 U.S.C. § 1227(a)(2) provides for the deportation, or removal, of aliens who commit certain criminal offenses.

[5] Cancellation of removal gives the Attorney General discretion to cancel removal of an alien who is otherwise deportable if the alien (1) has been lawfully admitted for permanent residence for at least five years; (2) has resided in the United States continuously for seven years and (3) has not been convicted of any aggravated felony. 8 U.S.C. § 1229b(a). Ali could not take advantage of this provision of the law because of his drug conviction.

explaining why the motion to reopen was filed after the 90-day filing deadline and why he had not included an application for cancellation of removal. On July 28, 2003, the BIA denied Ali's motion to reconsider, stating that because Ali's aggravated felony conviction was modified solely for reasons "related to rehabilitation or immigration hardships, rather than on the basis of a procedural or substantive defect in the underlying criminal proceedings, the conviction is not eliminated for immigration purposes." (Gov't. Ex. 6.) According to the BIA, Ali still holds the status of aggravated felon who is ineligible to apply for relief from removal. (*Id.*)

Ali appealed the BIA's first decision to the Court of Appeals for the Seventh Circuit. On August 23, 2003, he filed an appeal of the BIA's July 28, 2003 decision. The appeals have been consolidated and are pending. (Gov't. Ex. 4.) The court of appeals has stayed Ali's removal pending the outcome of his appeals. (Gov't. Ex. 5.)

Ali's petition for a writ of habeas corpus was filed with this Court on September 17, 2003. He states he has been in "custody of the [d]efendant" since November 2001 and is currently being held at Ozaukee County Jail in Port Washington, Wisconsin. Ali seeks to be released from custody or, in the alternative, to be granted a bond hearing.

**Discussion**

The Government asserts several bases for dismissal of this petition: (1) Ali has not named the proper respondent in his petition and this Court lacks jurisdiction; (2) Ali has not exhausted his administrative remedies; and (3) Ali is actually challenging his removal order and thus the court of appeals has exclusive jurisdiction over this matter. We need not address all of the Government's arguments as we find the first issue dispositive.

The substantive provisions of the writ of habeas corpus are found in 28 U.S.C. § 2241 but 28 U.S.C. §§ 2242 and 2243 outline the procedural requirements to bring a petition and obtain the relief of the writ. Specifically, section 2243 states that the writ "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. The writ of habeas corpus "does not act on the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 673 (7th Cir. 2003) (internal quotation and citation omitted). Accordingly, a petition for a writ of habeas corpus "must be directed to the individual who holds the petitioner in allegedly unlawful custody." *Id.*

Ali's petition states that he is in federal custody in Port Washington, Wisconsin. His petition, however, is directed to Tom Ridge, Secretary of the Department of Homeland Security. Although Tom Ridge, in his official capacity, may be involved in some way in Ali's detention, that is not enough. *Id.* at 673-74 ("the power to control some aspect of petitioner's legal process does not render that official the petitioner's custodian for habeas purposes"). The person who has custody of Ali is "the person having a day-to-day control over the prisoner." *Samirah v. O'Connell*, 335 F.3d 545, 551 (7th Cir. 2003) (citing *Guerra v. Meese*, 786 F.2d 414, 416 (D.D.Cir. 1986)).[6] The proper respondent for Ali's habeas petition is the warden of the facility where Ali is being held. *Robledo-*

---

[6] The *Samirah* case involved a petition for habeas corpus under 28 U.S.C. § 2241 brought by an alien seeking to compel the INS to allow him to return to the United States. Although factually different from this case, it is still instructive. The court said "to proceed under § 2241, [Samirah] must name his custodian as respondent and file the petition in a district court that has jurisdiction over his custodian." *Id.* at 551. Samirah named as respondent an interim director at the Bureau of Immigration and Customs Enforcement (part of the newly created Department of Homeland Security). *See also Al-Marri v. Bush*, 274 F. Supp. 2d 1003, 1007 (C.D. Ill. 2003) (finding in immigration context that the "general rule that habeas petitions are generally to be filed where the petitioner's custodian is located is well-established in the Seventh Circuit").

*Gonzales*, 342 F.3d at 673.[7] Because Ali did not direct his petition to the person having custody of him, jurisdiction is lacking and we dismiss his petition for a writ of habeas corpus for failing to name the proper custodian.[8]

## Conclusion

For the reasons stated above, Ali's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: November 12, 2003

---

[7] Some district courts have found that the Attorney General is the proper respondent when a petitioner brings a habeas petition to challenge a final removal order. *Robledo-Gonzales*, 342 F.3d at 674. The Seventh Circuit did not reach that issue. *Id. See also Ali v. Ashcroft*, 346 F.3d 873, 888 (9th Cir. 2003) (finding that the Attorney General as ultimate decision-maker in immigration matters can be proper respondent in federal habeas corpus petition); *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) (discussing custodian issue in immigration context); www.usdoj.gov/eoir/responsibilities.htm (immigration judges and the BIA operate under the Executive Office for Immigration Review which receives authority from the Attorney General).

[8] We express no opinion as to the merits of Ali's petition or to the Government's assertions that a district court cannot address those merits.